UNITED STATES of America, Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO, Defendant.

Civ. A. No. 78-F-589.

United States District Court, D. Colorado.

Sept. 12, 1978.

James W. Moorman, Acting Asst. Atty. Gen., Land and Natural Resources, Washington, D. C., Joseph F. Dolan, U. S. Atty., C. Scott Crabtree, Asst. U. S. Atty., W. Steven Jones, Environmental Protection Agency, Region VIII, Denver, Colo., for plaintiff.

Gordon D. Hinds, City Atty., Tad S. Foster, Deputy City Atty., Louis Johnson, Greg L. Johnson, Horn, Anderson & Johnson, Colorado Springs, Colo., Henry W. Ipsen, Yegge, Hall & Evans, Denver, Colo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

SHERMAN G. FINESILVER, District Judge.

This matter, a suit arising under the Federal Water Pollution Control Act (the Act), 33 U.S.C. §§ 1251–1376 (1970 & Supp. V 1975), is before the court on defendant's motion to dismiss or for more definite statement, filed July 3, 1978. By order of July 10, 1978, this court disposed of certain issues, reserving its ruling on one question only. We now address the issue previously left open: that is, whether the complaint must be dismissed for failure to state a claim upon which relief may be granted for reason of a failure to allege compliance with applicable administrative procedures.

The issue has been thoroughly briefed pursuant to the schedule earlier set by the court. Upon consideration of the briefs and the amended complaint, the court concludes that the complaint is sufficient to withstand a motion to dismiss.

I

The plaintiff, United States of America, alleges that defendant City of Colorado Springs has violated and continues to violate the Federal Water Pollution Control Act. The material allegations contained in the amended complaint are as follows: Defendant operates an activated sludge wastewater treatment plant located at 777 East Las Vegas Street, Colorado Springs. Wastes from this treatment plant are discharged into Fountain Creek, a navigable water within the meaning of the Act. Defendant's sole authorization for the discharge of wastewaters is that contained in its permit issued under the National Pollutant Discharge Elimination System (the "NPDES permit" hereinafter) of the Act. Defendant's NPDES permit carries certain conditions and limitations on the discharge of pollutants, requires self-monitoring of pollution levels, and mandates reporting and notification to the Environmental Protection Agency upon the occurrence of certain contingencies.

Plaintiff asserts that the defendant City exceeded its NPDES permit limitations on certain pollutants for every month of calendar year 1975. Plaintiff contends that the violations continued on a consistent basis throughout 1976 and 1977 as well. Plaintiff alleges that the office of the Environmental Protection Agency notified defendant, on December 12, 1975, of violations occurring in 1975 but that the violations did not abate thereafter.

The original complaint was filed on June 12, 1978. By way of relief, plaintiff seeks a permanent injunction prohibiting future pollutant discharge by defendant in violation of defendant's permit. Plaintiff also requests that a civil penalty be assessed against defendant.

Defendant City urges that the complaint be dismissed. It points to a provision in the Act which allows for delegation to the states of authority to administer the federal NPDES permit program. 33 U.S.C. § 1342. It is uncontroverted that such authority has

been delegated to the state of Colorado. Defendant contends that, once a delegation is made, federal enforcement can only proceed after the federal authority has notified both the violator and the state of the alleged violation, citing 33 U.S.C. § 1319(a)(1) for this proposition. Defendant argues that failure to give such notice is a procedural defect which is "analogous to the failure of a litigant aggrieved by administrative action to exhaust his administrative remedies." Defendant concludes that the instant complaint should be dismissed for failure to allege that notice was given.

We disagree with defendant's reading of the statute. We find that this suit has been filed in accordance with the enforcement methods described by the Act.

## II

The Act provides for alternative methods of enforcement. Where there has been a delegation of NPDES permit authority to a state, the Administrator of the Environmental Protection Agency has more than one option open to him. He may notify the violator and the state (and wait for the state to initiate appropriate enforcement action in the first instance) or he may proceed, unilaterally, to issue an administrative compliance order or to initiate a civil suit. *See,* 33 U.S.C. §§ 1319(a)(1); 1319(a)(3); 1319(b).

Though it is clear that the first course of action (notice to the state) becomes available only after a state has received a delegation of the federal NPDES permit program, there is no converse indication that the second course of action (unilateral federal enforcement) is precluded after a delegation takes place. Indeed, the statutory language of section 1319 sets out the courses

of action in the alternative, using the word "or" to describe the options.[1] Nor does that part of the statute which establishes the permit program, 33 U.S.C. § 1342, support the defendant's position. Section 1342(h) might seem, at first blush, to restrict the Administrator's options, but any questions in that regard are put to rest by the subsection immediately following. "Nothing in this section shall be construed to limit the authority of the Administrator to take action pursuant to section 309 [33 U.S.C. § 1319] of this Act." 33 U.S.C. § 1342(i).

There is a compelling public policy behind the Act which guides, in some part, our interpretation of its enforcement provisions. The objective of the Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251. The national goal, set by the Congress, is to eliminate the discharge of pollutants into the country's navigable waters by the year 1985. *Id.* The enforcement provision of that statute is, as we have seen, drafted in the alternative. *See* note 1, *supra.* Given the nature of the public interest involved and given the absence of clear statutory support for defendant's position, this court is most reluctant to fashion a judicially created threshold barrier to suit such as the one suggested by defendant. This is reinforced by the fact that defendant has not cited, nor has the court been able to find, a single reported case directly supporting defendant's position. We, accordingly, decline to rule that a failure to notify the state must result in dismissal of a subsequent lawsuit. Though the notice option may be a salutary method of preventing the duplication of effort between overlapping state and federal agencies,[2] it is an option whose exercise remains

---

1. Section 1319 has to do with federal enforcement. Subsection (a)(1) provides that when the Administrator finds a violation of any condition in a permit issued by a state under an approved permit program, he shall "proceed under his authority in paragraph (3) of this subsection *or* he shall notify the person in alleged violation and such state of such finding." 33 U.S.C. § 1319(a)(1) (emphasis added).

   Paragraph (3) states, in pertinent part, that the administrator shall "issue an order requir-

ing such person to comply . . . or he shall bring a civil action." 33 U.S.C. § 1319(a)(3).

2. *See,* 33 U.S.C. § 1251(f). ". . . to the maximum extent possible the procedures utilized for implementing this Act shall encourage the drastic minimization of paperwork and interagency decision procedures, and the best use of available manpower and funds, so as to prevent needless duplication and unnecessary delays at all levels of government."

within the sound discretion of the Administrator. It cannot be deemed to be a condition precedent to federal enforcement of the Act.

## ORDER

It is ORDERED, for all the reasons stated above, that defendant's motion to dismiss or for more definite statement be and hereby is DENIED.

Defendant shall file its responsive pleading within the time fixed by Fed.R.Civ.P. 12(a).

Even were the notice requirement to be a mandatory one, it is not entirely clear that the result in the instant case would change. Affidavits have been submitted which would tend to show that, in fact, plaintiff might well be in either full or substantial compliance with the notice option. In our consideration of the motion to dismiss we have not considered matters outside the pleadings and have not reached the issue presented by the affidavits.